UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-446-T-23TBM
                8:14-cv-771-T-23TBM

DAVID ALBERTO MENDEZ
_____/

**O R D E R**

Mendez pleaded guilty to both one count of illegal re-entry after a previous deportation for a felony offense and one count of illegal entry at a time and place other than as designated by immigration officers. The plea was without a plea agreement. The district court imposed a sentence of fifty-one months, a sentence within the advisory guidelines range.

Mendez moves under 28 U.S.C. § 2255 (Doc. 1) to vacate his sentence and alleges three grounds of ineffective assistance of counsel. The United States disputes each ground. (Doc. 9) Even though an earlier order (Doc. 10) instructed him to reply, Mendez filed no reply. The motion to vacate lacks merit.

**FACTS**[1]

> [I]f this case were to proceed to trial, the United States is prepared to prove beyond a reasonable doubt the defendant, David Alberto Mendez, is a native and citizen of El Salvador.

---

[1] Mendez agreed to the following facts when he pleaded guilty. (Doc. 30 at 16–17).

On May 7th, 1996, the defendant was convicted of sexual battery, armed burglary, and kidnapping in Case No. 95-31008 in Dade County, Florida, on May 7th, 1996.

The defendant was deported from the United States on July 24th, 1999. The defendant re-entered the United States after the deportation at a time and place other than as designated by Immigration officers.

On October 9th, 2012, the defendant was found in the Manatee County Jail, Middle District of Florida, by law enforcement. His fingerprints were submitted through the integrated automated fingerprint identification system and compared with those of David Alberto Mendez taken prior to his removal from the U.S. and the system indicated they are the same person.

The defendant admitted that he was an alien and citizen of El Salvador, that he was deported in 1999, and that he re-entered the United States illegally in or about 2003 on foot without seeking permission to do so. No information exists that the defendant either requested or received permission from any Immigration official to re-enter the United States after his deportation and the defendant was found to be voluntarily in the United States without having received the consent of the Secretary for the Department of Homeland Security to reapply for admission to the United States.

## II. GUILTY PLEA

Mendez pleaded guilty and accepted the above factual basis. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*See also United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." A guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). However, because counsel's alleged deficient performance occurred after the plea, specifically, at sentencing, Mendez's claims of ineffective assistance of counsel are not barred by the guilty plea.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Mendez asserts claims of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim, as *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Mendez must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Mendez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

# **GROUNDS**

The motion to vacate alleges three grounds of ineffective assistance of counsel. Mendez faults counsel (1) for not objecting to a sixteen-point enhancement under Section 2L1.2 in calculating his sentence under the guidelines, (2) for not arguing that the pre-sentence report overstates his criminal history, and (3) for not explaining the appeal process. As explained below, counsel's alleged errors regarding the determination of sentence lack merit and counsel's alleged error regarding the appeal process is forfeited. The last issue is addressed first.

**Appeal:**

In his motion to vacate Mendez faults counsel for not explaining "what an appeal was or . . . how to appeal the sentence." (Doc. 1 at 7) Former counsel refutes the allegation. An earlier order directs Mendez to either "accept or reject his former counsel's testimony" and if he "fails to respond . . . the district court will deem the testimony of [his] former counsel as stipulated and agreed by Mendez and review the remaining claims in the motion to vacate." (Doc. 10 at 2) Mendez filed no response. As a consequence, the district court accepts former counsel's evidence as stated in counsel's affidavit (Doc. 9-1 at 3–4):

> I did discuss with my client his right to trial and to an appeal although I did give him my opinion that there must be a good faith basis for an appeal and not merely the issue of not liking his sentence. He had no problem understanding the options available to him including his appellate rights. It remained his decision to enter his plea and waive his right to trial. We discussed his options after sentencing and the only thing he and his family were interested in was a possible lawsuit against the

> witness who refused to cooperate and failed to testify in his behalf at sentencing.[2]
>
> . . . .
>
> There are no notes that indicate that an appeal was desired or requested.

In accord with the earlier order, Mendez is deemed to have agreed with counsel's factual representations and, as a consequence, the claim that counsel rendered ineffective assistance lacks merit.

**Sentencing:**

Mendez contends that, in determining the offense level, counsel should have objected to the sixteen-point enhancement under Section 2L1.2, United States Sentencing Guidelines. The sixteen-point enhancement under Section 2L1.2(b)(1)(A) applies if the prior conviction was "for a felony that is . . . (ii) a crime of violence [and] if the conviction receives criminal history points under Chapter Four" of the guidelines. Mendez was initially sentenced to community control and five years of probation. Affording the motion to vacate a generous interpretation, Mendez apparently contends that Section 2L1.2 is inapplicable because he was not originally sentenced to a term of imprisonment.

Mendez admits that during a prosecution in the State of Florida in 1995 he pleaded guilty to sexual battery, burglary with an assault, and kidnapping. The

---

[2] According to counsel's affidavit (Doc. 9-1 at 4), Mendez expected his former "paramour" — the victim in Mendez's convictions for sexual battery, burglary with an assault, and kidnapping — to testify favorably at his federal sentencing that she believed "that Mr. Mendez should not have been prosecuted for sexual battery and that she had never been kidnapped" by him. As discussed in the next section, Mendez hoped that his "paramour's" testimony would favorably influence his sentence.

United States correctly argues that the consequent conviction was for a "crime of violence." Although not initially sentenced to a term of imprisonment, Mendez served three months in the county jail after his probation was revoked. Mendez received two criminal history points under Sections 4A1.1(b) and 4A1.2(k) because (1) probation was revoked and (2) he was imprisoned for more than sixty days. Counsel was not ineffective because counsel had no basis for challenging the sixteen-point enhancement under Section 2L1.2.

Also, Mendez contends that counsel should have objected to Criminal History Category II as an overstatement of his criminal history. The only criminal history points assessed were for the sexual battery, burglary with an assault, and kidnapping. Mendez fails to explain how Criminal History Category II overstates his criminal history. The conclusory allegation of ineffective assistance of counsel lacks merit.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against Mendez and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Mendez is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Mendez must show that reasonable jurists would find

debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Mendez is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Mendez must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 25, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE